No. 26-1861

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| PREGNANCY CARE OF ROCKFORD and DIOCESE OF SPRINGFIELD IN ILLINOIS, | ) ) ) ) | Appeal from the United States District Court for the Northern District of Illinois, Western Division |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 3:25-cv-50127 |
| JAMES BENNETT, in his official capacity as Director of the Illinois Department of Human Rights, and KWAME RAOUL, in his official capacity as Illinois Attorney General, | ) ) ) ) ) | |
| | ) | The Honorable |
| | ) | REBECCA R. PALLMEYER, |
| Defendants-Appellees. | ) | Judge Presiding. |

**JOINT STATEMENT**

The parties submit this joint statement as required by this Court's April 30, 2026 order. 7th Cir. Doc. 7.[1] On May 4, 2026, defendants, with plaintiffs' consent, filed a motion in the district court under Fed. R. Civ. P. 58(d) requesting that judgment be set out in a separate document. Doc. 57. The district court retains jurisdiction to enter judgment even after the filing of a notice of appeal. *See Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504-05 (7th Cir. 2006) (explaining that the filing of notice of appeal before the entry of judgment in separate document "does

---

[1] Entries on the district court's docket are cited as "Doc.," and entries on this court's docket are cited as "7th Cir. Doc."

not prevent [a] district court from finishing its work and rendering a final decision"). That motion remains pending.

Notwithstanding the pending motion, the parties agree that this Court has appellate jurisdiction and that the appeal may proceed. A court's failure to enter a separate Rule 58 judgment does not deprive this Court of appellate jurisdiction. *See Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO*, 824 F.3d 645, 650 (7th Cir. 2016). Here, the record makes clear that "the district court was finished with the case." *Id.* The district court entered an order on March 31 holding that plaintiffs had failed to allege Article III standing but providing them 21 days to file an amended complaint, and striking their motion for a preliminary injunction on that basis. Doc. 51. Plaintiffs did not file an amended complaint, but instead filed a notice of appeal after the 21-day window had elapsed, Doc. 53, as they were entitled to do. *See Otis v. City of Chicago*, 29 F.3d 1159, 1165 (7th Cir. 1994) (en banc). The parties thus agree that the district court's order is final, that this Court has appellate jurisdiction, and that the appeal may proceed.

<div style="margin-left:40%">

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

/s/ Frank H. Bieszczat
FRANK H. BIESZCZAT
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2090 (office)
(312) 590-7075 (cell)

</div>

Frank.Bieszczat@ilag.gov

*Counsel for Defendants-Appellees*


<u>s/ Caroline C. Lindsay</u>

John J. Bursch
David A. Cortman
Ryan J. Tucker
Caroline C. Lindsay
Mark A. Lippelmann
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jbursch@ADFLegal.org
dcortman@ADFLegal.org
rtucker@ADFLegal.org
clindsay@ADFLegal.org
mlippelmann@ADFLegal.org

*Counsel for Plaintiffs-Appellants*

**CERTIFICATE OF FILING AND SERVICE**

I certify that on May 7, 2026, I electronically filed the foregoing joint statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. All participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ Frank H. Bieszczat
FRANK H. BIESZCZAT
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2090 (office)
(312) 590-7075 (cell)
Frank.Bieszczat@ilag.gov